**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Tajikkhaveh, ) | No.  CV-25-03242-PHX-MTL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| Genuine Parts Company, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court are Defendants' Motions to Dismiss (Docs. 23, 27, 41), Plaintiff's Motion for Leave to Amend (Doc. 46, 50), and the responsive briefing (Doc. 31, 35, 33, 36, 48, 49, 51, 52).[1] The Court rules as follows.[2]

## I.    BACKGROUND

Plaintiff's father ("Decedent") was killed on June 4, 2009, while delivering auto parts to a NAPA Auto store located in Somerton, Arizona. (Doc. 15 at 3, ¶ 5). Genuine Parts Company owns and operates the NAPA Auto Parts brand, and the store at issue was owned and operated by a NAPA Auto franchisee, Russell Thad Clark. (Doc. 15 at 3–5, ¶¶ 6, 7, 14). On August 19, 2010, Defendant Clark filed for bankruptcy in the United States

---

[1] Plaintiff did not file a response to Defendant Genuine Parts Company's Motion to Dismiss (Doc. 41). To the extent the Motion requests the Court treat it as one for summary judgment, the Court has not considered evidence outside of the pleadings and declines to do so.

[2] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Bankruptcy Court for the District of Arizona. *In re Russell Thad Clark, et al.*, No. 0:10-bk-26277-EWH.[3] (Doc. 15 at 6–7, ¶¶ 16, 19; Doc. 27 at 3). Two months later, Decedent's surviving statutory beneficiaries, including Plaintiff, filed a wrongful death action in Yuma County Superior Court. *Milani v. Clark, et al.*, No. S1400CV201001310 (Yuma Sup. Ct. Oct. 22, 2010). (Doc. 41-1 at 15; Doc. 15 at 6, ¶ 18). Plaintiff's attorney withdrew from representation in 2013, and the parties later settled and stipulated to dismiss the wrongful death claim. (Doc. 15 at 6–7, ¶ 18; Doc. 41-1 at 27).

Plaintiff commenced this action on September 5, 2025, (Doc. 1) and filed an Amended Complaint on October 3, 2025 (Doc. 15). Plaintiff brings claims for civil racketeering under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), RICO conspiracy, Fraud on the Court, and Unjust Enrichment. (Doc. 1 at 13–24).

## II.    LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012) (citing *Papasan v. Allain*,

---

[3] The Court may take judicial notice of documents referenced in the Amended Complaint as well as matters of public record without converting the Motion into one for Summary Judgment. *See Cobin v. City of Phoenix*, No. CV-19-04392-PHX-SPL, 2020 WL 820880, at *2 (D. Ariz. Feb. 19, 2020).

478 U.S. 265, 286 (1986)).

Where a plaintiff appears pro se, the court must "'construe the pleadings liberally' and 'afford the [plaintiff] the benefit of any doubt.'" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (citation omitted). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Id.*

### B. Federal Rule of Civil Procedure 9

For claims that allege fraud, Rule 9 imposes a heightened pleading standard that requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This requires the plaintiff to set forth an explanation as to the "who, what, when, where, and how" of the alleged offenses. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Pleading "every detail in the execution of the conspiracy is unnecessary to establish liability." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together[,] but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. at 764–65 (cleaned up) (citation omitted).

### III.    DISCUSSION

Defendants argue that Plaintiff's Amended Complaint should be dismissed because (1) the claims are barred by their respective statute of limitations, and (2) the Amended Complaint fails to state claims upon which relief may be granted. (Docs. 23, 27, 41).

### A. Counts I–II: Civil RICO & RICO Conspiracy

In Counts I–II, Plaintiff brings claims for civil RICO and RICO conspiracy, alleging that Defendants engaged in a pattern of racketeering activity that resulted in the

"extinguishment of Plaintiff's statutory wrongful-death claim without adjudication on the merits." (Doc. 15 at 10, ¶ 34; *see also* Doc. 15 at 17, 19, ¶¶ 58, 66). Defendants argue both Counts fail to allege legitimate or sufficient predicate acts (Doc. 23 at 12–15, Doc. 27 at 7), the RICO claims are time-barred (Doc. 23 at 8–10; Doc. 27 at 4–7), the claims lack particularity (Doc. 41 at 10–11), and Plaintiff fails to allege an adequate injury (Doc. 35 at 4; Doc. 41 at 8–9).

To state a civil RICO claim, a plaintiff must allege that "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) caus[ed] injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation omitted). "Although theoretically it is not always easy to distinguish a personal injury from an injury to property, for the purposes of bringing an action under RICO the courts have been clear that even the economic consequences of personal injuries are not compensable under RICO." *Allman v. Philip Morris, Inc.*, 865 F.Supp. 665, 668 (S.D. Cal. 1994). Federal courts that have addressed this issue "have uniformly concluded that damages from an unliquidated personal injury lawsuit are not 'property' within the meaning of the RICO statute." *Circiello v. Alfano*, 612 F.Supp.2d 111, 114 (D. Mass. 2009) (finding the plaintiff's lost opportunity for an award for the wrongful death of her father was not cognizable under RICO); *see also Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994) ("This limitation to a person 'injured in his business or property' has a 'restrictive significance,' which helps to assure that RICO is not expanded to provide 'a federal cause of action and treble damages to every tort plaintiff.'" (citations omitted)); *Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 625, 647 (S.D. Tex. 2007) ("'[E]ven if the Court undertook some philosophical approach' and construed the lost opportunity to bring a personal injury lawsuit as a property right, 'the Court nevertheless would be unable to adopt such an interpretation because it would contravene Congress' intent in enacting the RICO statute.'" (citation omitted)); *Magnum v. Archdiocese of Phila.*, 253 Fed. Appx. 224, 226 (3d Cir. 2007) (stating an "allegation of a lost opportunity to bring state law personal injury claims

against the [defendant] is not cognizable as an injury to 'business or property' in a civil RICO action."). Because Plaintiff fails to allege a cognizable injury, the civil RICO & RICO conspiracy claims fail. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("[T]he failure to allege substantive violations precludes [a] claim that there was a conspiracy to violate RICO."); *Segui v. Moniz*, No. CV-25-01849-PHX-SHD, 2026 WL 809542, at *8 (D. Ariz. Mar. 24, 2026) (finding that a RICO conspiracy claim could not survive where the underlying civil RICO claim failed). Both Counts I and II are therefore dismissed.

### B. Count III: Fraud on the Court

In Count III, Plaintiff brings a claim for fraud on the Court under Federal Rule of Civil Procedure 60(d)(3), and "seeks a declaration that the judgments and orders issued in the tainted proceedings [in the United States Bankruptcy Court for the District of Arizona, the Yuma County Superior Court, and the Superior Court of Fulton County, Georgia] are void as to her claims." (Doc. 15 at 22, ¶ 76).

Rule 60 provides a party with "relief from a judgment or order" either by motion under 60(b) or by an independent action under 60(d). Federal Rule of Civil Procedure 60(b)(3) allows a party to seek relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Such a motion "must be made within a reasonable time" and "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). An independent action filed under Rule 60(d)(3), however, permits the court to set aside a judgment or order based on "fraud on the court," even after this one-year timeframe. *See Ranza v. Nike, Inc.*, 2020 WL 8836071, at *6 (D. Or. Dec. 10, 2020) (noting that the Ninth Circuit has interpreted the Rule's language as exempting Rule 60(d) from the limitations found in Rule 60(c)). "Fraud on the court must involve egregious conduct and must go beyond nondisclosure of evidence or even perjury by a party or witness." *In re Amadeus Therapy, Inc.*, No. 25-3867, 2026 WL 637397, at *1 (9th Cir. Mar. 6, 2026); *see also Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989) ("'Fraud upon the court' should, we believe, embrace only that species of fraud which does

or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." (citation omitted)); *Taylor v. United States*, No. 1:06-CV-182 CAS, 2014 WL 1652348, at *2 (E.D. Mo. Apr. 24, 2014) ("To prevent the restrictions of Rule 60 from be[ing] set at naught, independent actions under Rule 60(d) must be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." (alteration in original) (internal quotation marks omitted) (citation omitted)).

Although an independent cause of action may be asserted to set aside a judgment in specific egregious cases of fraud, the Court cannot provide Rule 60 relief from judgments issued by other courts. *See Zambrana v. Califano*, 651 F.2d 842, 844 (2nd Cir. 1981) ("Generally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts."); *Bartlett v. Tribeca Lending Corp*, 22-CV-5761 (LTS), 2022 WL 2788060, at *1 n.1 (S.D.N.Y. July 14, 2022) (noting that nothing in Rule 60 "vests one court with authority to review another court's decisions"); *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment."); *United States v. Foy*, 803 F.3d 128, 134 (3d Cir. 2015) ("Ordinarily, it would be clear that a district court would have jurisdiction over a Rule 60 motion or an independent action seeking relief from a judgment because the court will have ancillary jurisdiction to consider a challenge to *its own* judgment or order." (emphasis added)); James Wm. Moore & Elizabeth B. A. Rogers, *Federal Relief from Civil Judgments*, 55 Yale L.J. 623, 657 (1946) (Since the jurisdiction is ancillary, the venue of the independent action may be properly laid in the court which had jurisdiction of the original action. . . . If the independent action in equity is not brought in the federal court which rendered the original judgment, but in another federal court it is quite doubtful if such action can be supported on ancillary principles."). In addition, Rule 60 applies only to federal court judgments, and "does not

provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." *In re Reyes*, BAP No. EC-18-1229-BSL, 2019 WL 1759749, at *5 (B.A.P. 9th Cir. Apr. 19, 2019); *see also Bland v. Pfieffer*, No. 3:17-cv-02309-H-WVG, 2018 WL 2717783, at *2 n.1 (S.D. Cal. June 6, 2018) ("State court judgments are not subject to attack under the Federal Rules of Civil Procedure."). The Court, therefore, does not have jurisdiction to provide the relief Plaintiff seeks in Count III.

### C. Count IV: Unjust Enrichment

Finally, in Count IV, Plaintiff alleges that Defendants have been unjustly enriched by retaining advantages obtained through fraudulent conduct intended to extinguish Plaintiff's wrongful-death claim. (Doc. 15 at 22–23). Defendants argue that Plaintiff has failed to plead any of the elements of an unjust enrichment claim (Doc. 23 at 15–16; Doc. 27 at 9) and her claim is barred by the statute of limitations set forth in A.R.S. § 12-543(1) (Doc. 23 at 8–10; Doc. 27 at 8–9; Doc. 41 at 14).

"A claim for unjust enrichment may exist where a person confers a benefit to his detriment on another and allowing the other to retain that benefit would be unjust." *SPUS8 Dakota LP v. KNR Contractors LLC*, 641 F.Supp.3d 682, 689 (D. Ariz. 2022) (citation omitted) (citation omitted). To prevail on an unjust enrichment claim under Arizona law, a plaintiff must assert: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law." *Id*.; *USLife Title Co. of Ariz. v. Gutkin*, 155 Ariz. 349, 354 (Ariz. Ct. App. 1986) ("It is the well established law of Arizona that in order to prevail upon a theory of unjust enrichment, a plaintiff must establish that, (1) plaintiff conferred a benefit upon the defendant; (2) defendant's benefit is at plaintiff's expense; and (3) it would be unjust to allow defendant to keep the benefit.").

Plaintiff argues that Defendants avoided liability for the wrongful death of her father, which "was never resolved on the merits and was instead procedurally terminated through bankruptcy fraud, forged documents, coerced stipulations, and the dissolution of a scapegoat entity." (Doc. 15 at 22, ¶ 78). Plaintiff essentially alleges that each Defendant

benefited by avoiding liability from a fully litigated wrongful death action.[4]

Although presented as corresponding enrichments and an impoverishment, Plaintiff has provided no real connection or correlation between the two. An unjust enrichment claim, by its nature, requires a plaintiff to show the receipt of a benefit whose retention without payment of the value thereof would be unjust. The fact that Defendants allegedly avoided larger liability for a fully litigated wrongful death action does not fall within this standard, and the claim must fail. Moreover, whether Defendants would have been found liable, and for what amount, is all based on speculation. Such conjecture cannot form a basis for an unjust enrichment claim in this instance.[5]

## IV.    CONCLUSION

Upon review, the Court finds that Plaintiff has failed to state a claim on all four counts. A district court should grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see* Fed. R. Civ. P. 15(a)(2). Because additional facts could not cure Plaintiff's claims, the Court will dismiss the Amended Complaint without leave to amend. Plaintiff's Motion for Leave (Doc. 46) is therefore denied.

**IT IS ORDERED** that the Motions to Dismiss (Docs. 23, 27, 41) are **granted** and Plaintiff's Amended Complaint (Doc. 15) is **dismissed** for failure to state a claim.

. . . .

---

[4] Plaintiff states Defendant Thad Clark retained profits and business assets by shielding himself from liability through fraudulent bankruptcy filings, and upon discharge, was able to serve a term on the Yuma County Board of Supervisors, all while failing to compensate or acknowledge any liability for the harm caused to her family. (Doc. 15 at 23, ¶ 79). With respect to Genuine Parts Company, Plaintiff claims Defendant avoided liability through fraudulent loan assignments, and continues to benefit from its brand reputation and operations. (Doc. 15 at 23–24, ¶ 80). Northend Auto Parts, Inc., which assumed control over the NAPA store location, allegedly inherited the customer base, inventory, and franchise relationship without also assuming responsibility for past liabilities (i.e., the wrongful death claim). (Doc. 15 at 4, 24, ¶¶ 8, 81).

[5] To find otherwise could result in unjust enrichment claims for any case that settled, or for instances in which a party ultimately chose not to file suit.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 46) is denied.

**IT IS FURTHER ORDERED** directing the Clerk of Court to **terminate** this action and enter judgment accordingly.

Dated this 14th day of April, 2026.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge